JS 44 (Rev. 12/12) LDD

16-cv-5889

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Alana Metcalf

**DEFENDANTS**
StoneMor Partners, LP

16 5889

(b) County of Residence of First Listed Plaintiff: Tennessee
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
KRAEMER, MANES & ASSOCIATES, LLC
600 GRANT STREET, STE 660, PITTSBURGH, PA 15219
412-722-9700

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 12101, 29 USC 2611 and 29 USC 621
Brief description of cause:
Discrimination in Violation of ADA, FMLA and ADEA

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. **DEMAND $**
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE DOCKET NUMBER

NOV 14 2016

DATE
11/8/2016

SIGNATURE OF ATTORNEY OF RECORD
Christi Wallace

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

LDD

UNITED STATES DISTRICT COURT

16 5889

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4200 13th Avenue, Chattanooga, TN 37407

Address of Defendant: 311 Veterans Hwy, Suite B, Levittown, PA 19056

Place of Accident, Incident or Transaction: 311 Veterans Hwy, Suite B, Levittown, PA 19056
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☐

Does this case involve multidistrict litigation possibilities? Yes☐ No☐

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, ______, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: ______ ______ Attorney-at-Law ______ Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

NOV 14 2016

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/8/2016 Christi Wallace Attorney-at-Law PA 313721 Attorney I.D.#

CIV. 609 (5/2012)

LDD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Alana Metcalf | : | CIVIL ACTION |
| v. | : | 16 5889 |
| StoneMor Partners, L.P. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 11/8/2016 | Christi Wallace | Alana Metcalf |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 412-722-9700 | 412-206-0834 | cw@lawkm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 14 2016

#480

LDD

LDD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALANA METCALF,<br>Plaintiff,<br>v.<br>STONEMOR PARTNERS L.P.,<br>Defendant. | Case No. 16 5889<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES Plaintiff, Alana Metcalf, by and through her attorney, Christi Wallace, Esquire, and files this Complaint alleging as follows:

**I. Nature of the Action**

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12203 (2009), the Family Medical Leave Act (FMLA), 29 U.S.C. §§2611-2619, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§621-634. Plaintiff had a disability under the ADA and Defendant discriminated against her for her disability and age and terminated her in retaliation for seeking legitimate FMLA. Plaintiff was terminated because of her disability in violation of 42 U.S.C. §12112(b)(4).

**II. Jurisdiction and Venue**

2. This action arises under the ADA, 42 U.S.C. §§12101-12203. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Eastern Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

**III. Parties**

5. Plaintiff, Alana Metcalf, ("Plaintiff"), is an adult individual residing at 4200 13th Avenue, Chattanooga, TN 37407.

6. Defendant, StoneMor Partners, L.P. is a business located at 311 Veterans Hwy, Suite B, Levittown, PA 19056.

**IV. Facts**

7. Plaintiff became employed with Defendant on June 11, 2011.

8. Plaintiff held the position of Salesperson.

9. Plaintiff was initially hired as a telemarketer but was promoted to Sales.

10. On October 9, 2015, Plaintiff needed to take FMLA leave due to having two stints put in. Plaintiff was placed on leave from October 9, 2015 through December 9, 2015.

11. When Plaintiff returned to work, Plaintiff was demoted back to Telemarketing.

12. On January 8, 2016, Plaintiff was taken to East Ridge Emergency Room due to losing all feeling in her left side. They discovered Plaintiff had two bulging discs in the top of her spine.

13. On January 11, 2016, Plaintiff went back to her doctor, Dr. Stanley Ireland. As a result of this visit,

a. Plaintiff was placed on physical therapy two days a week for six weeks.

b. Plaintiff was still able to perform all aspects of her job but had to do physical therapy two days a week.

c. Plaintiff asked her boss, Renee Dailey (Ms. Dailey), if Plaintiff had any FMLA left.

i. Plaintiff could do the physical therapy in her off hours.

ii. Plaintiff wanted to know if she had FMLA days left so she could possibly take intermittent FMLA if needed.

**iii. Ms. Dailey stated she would have to as Ariana Rivera (Ms. Rivera) if Plaintiff had FMLA days available.**

14. **On January 12, 2016, Plaintiff emailed Ms. Dailey to ask if she had any days available. Ms. Dailey, Ms. Rivera and Brooke Austin (Ms. Austin) all agreed Plaintiff had no FMLA days left and she would be receiving a letter.**

**a. Plaintiff requested to speak with Ms. Austin.**

**b. Plaintiff explained her situation to Ms. Austin and stated that once she was cleared could she come back to her position.**

**c. Ms. Austin stated Plaintiff's position would still be opened and she said once Plaintiff was cleared for work to get all paperwork back to Ms. Dailey and Plaintiff could come back to work.**

15. On January 21, 2016, Plaintiff received a letter from Defendant stating she was being terminated because she did not have any FMLA days left.

a. Plaintiff was told she used her full twelve weeks from October to December 2015.

b. Plaintiff had only used nine weeks and clearly had FMLA days left. Plaintiff was, nevertheless, terminated.

16. The letter stated Plaintiff could reapply for a position once she was cleared for work.

17. On January 29, 2016, Plaintiff was cleared by Dr. Ireland.

18. On February 3, 2016, per Ms. Austin's advice, Plaintiff gave Ms. Dailey a note clearing her for work. Ms. Dailey continually made excuses as to why Plaintiff was unable to return.

19. Defendant has refused to rehire Plaintiff.

20. Plaintiff was the only one who was retaliated against and subsequently terminated because of disability and FMLA leave. Younger workers received preferential treatment when it came to disabilities and FMLA.

a. One employee, Andrea Lively (Ms. Lively), a 30ish year old, was out over a month and Defendant never asked for any documentation for FMLA

i. A few days before Ms. Lively was supposed to return from FMLA, Defendant gave her FMLA papers to turn in to cover the days she had been out.

1. Ms. Lively was allowed to take FMLA leave without any prior documentation yet Plaintiff was fired for simply <u>asking</u> whether she had time left to take intermittent FMLA.

ii. Ms. Lively was constantly taking days off and lying about why she was missing work

1. For example, Ms. Lively told Ms. Dailey she was sick and could not work all weekend. However, Ms. Lively accidentally sent Ms. Dailey a picture of her at a Titans football game. She thought she had sent it to a friend but sent it to Ms. Dailey instead. Nothing was done.

b. Another employee, Tina Bates (Ms. Bates), a 30ish year old, has seizures and can't drive.

i. In Sales it is mandatory that all employees door knock and be able to go out on appointments.

ii. Ms. Bates is not able to do that and they allow her to work in the office and set appointments for people to come in to see her.

iii. Defendant bent the required rule (I.e. door knockings) for Ms. Bates.

iv. However, Defendant would not even attempt to accommodate Plaintiff or give her FMLA.

## V. Allegations

### <u>Count I: Disability Discrimination</u>

21. The preceding paragraphs are incorporated herein as if set forth at length.

22. Plaintiff was fully qualified to perform all aspects of his job.

23. Plaintiff has a disability.

a. On October 9, 2016, Plaintiff had two stints put in. Plaintiff informed Ms. Dailey with a Doctor's note.

b. On January 8, 2016, Plaintiff was diagnosed with two bulging discs in her spine that required physical therapy. Plaintiff informed Ms. Dailey.

24. Defendant engaged in the following unlawful discrimination in violation of the ADA:

a. They failed to engage in the interactive process of accommodating Plaintiff.

i. Plaintiff explained her condition to Ms. Dailey.

ii. Plaintiff was going to ask if Plaintiff was able to work less on the days Plaintiff has therapy or come in early and/or leave late on those days. Her restrictions were not burdensome and would not have caused undue hardship.

iii. Before Plaintiff was even able to ask for an accommodation, she was terminated.

b. Defendant terminated Plaintiff upon being informed of Plaintiff's bulging discs.

c. Defendant additionally refused to rehire Plaintiff after she was cleared despite their promise to the contrary.

d. Defendant gave preferential treatment to younger workers and accommodated them but refused to accommodate Plaintiff.

**<u>Count II: Retaliation in Violation of FMLA</u>**

25. Paragraphs 1-21 are incorporated herein by reference as though set forth in full.

26. Plaintiff has a disability.

27. Defendant was aware of Plaintiff's disability.

28. Defendant engaged in the following retaliation in violation of FMLA:

a. Plaintiff utilized nine weeks of approved FMLA leave from October 9, 2015 to December 9, 2015. Subsequently, Plaintiff asked if she had any FMLA leave left

for which to use. Defendant lied and claimed Plaintiff had used her twelve weeks which she had not.

b. In retaliation for applying for FMLA, Defendant terminated Plaintiff on January 21, 2016.

c. Defendant did not have just cause to terminate Plaintiff.

  i. Plaintiff never had any disciplinary issues and her performance was not an issue.

  ii. Plaintiff was simply asking if she had time left to take intermittent FMLA.

d. Defendant gave preferential treatment to younger workers and did not retaliate against them for taking FMLA.

**Count III: Violation of ADEA**

29. Paragraphs 1-25 are incorporated herein by reference as though set forth in full.

30. Plaintiff was 52 years of age when terminated.

31. Defendant gave preferential treatment to younger workers.

a. Ms. Lively, a 30ish year old, was out over a month and Defendant never asked for any documentation for FMLA.

  i. A few days before Ms. Lively was supposed to return, Defendant gave her FMLA papers to cover the days she had been out.

    1. Ms. Lively was not fired.

    2. Ms. Lively was allowed to take FMLA without any prior documentation yet Plaintiff was terminated for simply asking whether she had time left to possibly take intermittent FMLA leave.

ii. Ms. Lively was also constantly taking days off and lying about why she was missing work.

1. For example, Ms. Lively told Ms. Dailey that she was sick and could not work all weekend. However, Ms. Lively accidentally sent Ms. Dailey a picture of her at a Titans football game. She thought she had sent it to a friend but she sent it to Ms. Dailey instead.

2. Nothing was done.

b. Another employee, Ms. Bates, a 30ish year old, has seizures and can't drive.

i. In Sales it is mandatory that all employees door knock and be able to go out on appointments.

ii. Ms. Bates is not able to do that and Defendant allows her to work in the office and set appointments for people to come in to see her.

iii. Defendant bent the required rule (i.e., door knocking) for Ms. Bates.

iv. However, Defendant would not even attempt to accommodate Plaintiff or give her FMLA.

32. Plaintiff was fully qualified to perform her job.

**Request for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant for the following:

a. Loss of wages;

b. Loss of future wages;

c. Additional punitive damages;

d. Plaintiff's legal fees;

e. Pre-judgment and continuing interest;

f. Court costs; and

g. Other such relief as the Court may deem just and proper.

Respectfully submitted,

Christi Wallace

Christi Wallace, Esq.
Kraemer, Manes and Associates, LLC
U.S. Steel Tower
600 Grant Street, Suite 660
Pittsburgh, PA 15219